**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ABED ALKARIM IBRAHIM HWEIH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24 cv 6151 |
| | ) | |
| KERRIN QUEZADA, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

PLEASE take notice that, pursuant to 28 U.S.C. § 1441 and § 1446, Defendant Board of Education of the City of Chicago (improperly named in the Complaint as "Chicago Public Schools") hereby removes *Abed Alkarim Ibrahim Hweih v. Kerrin Quezada,* Case No. 2024 M 1013447, from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois. In support, Defendant states as follows.

1.      On or about July 16, 2024, Plaintiff commenced an action in the Circuit Court of Cook County, entitled *Abed Alkarim Ibrahim Hweih v. Kerrin Quezada,* Case No. 2024 M 1013447. See *Exh. A*. In that filing, he repeatedly pled that the Defendant had discriminated against him. See *Exh A, ¶¶ 3, 9, 17, 21, 24, 26, 30, 35, 36, 45, 46*. See also *Exh. A pp. A13-A16* (discussing his discrimination claims, in his unnumbered narrative paragraphs). Although his Complaint did not say so expressly, it is plain -- for three reasons -- that his Complaint is pleading his discrimination claims under federal law.

a.      **Title VII.** In his Complaint *(Exh. A, pp. A13-A14)*, Plaintiff pled a discrimination claim pursuant to *McDonnell Douglas v. Green,* 411 U.S. 792 (1973), which sets forth rules and procedures for claims under Title VII of the Civil Rights Act of 1964. See *McDonnell Douglas,* 411 at 793-94 (addressing "the proper order and proof in actions under Title VII of the Civil Rights Act of 1964"). In his Complaint *(Exh. A, p. A14)*, Plaintiff also pled that his discrimination claim was under *Harris v. Forklift Sys., Inc.,* 510 U.S. 17 (1993), which applies to claims under Title VII. See *Harris,* 510 U.S. at 18-19 (considering the "definition of a discriminatorily 'abusive work environment' (also known as 'hostile work environment'). In his Complaint *(Exh. A, p.A15)*, Plaintiff also pled that his claim was under *PriceWaterhouse v. Hopkins,* 490 U.S. 228 (7th Cir. 1989), which applies to Title VII claims. See *PriceWaterhouse,* 490 U.S. at 232 (resolving "the respective burdens of proof of a defendant and plaintiff in a suit under Title VII"). Those cases all recite rules and procedures that apply to claims under the Title VII of the Civil Rights Act of 1964, which is 42 U.S.C. § 2000e, *et seq.* Thus, the Complaint pleads discrimination claims that arise under Title VII (even though the Complaint does not use the statutory cite for that federal statute).

b.      **Section 1983.** In his Complaint *(Exh. A, p. A14)*, Plaintiff pled a discrimination claim pursuant to *Chicago Teachers Union Local No. 1 v. Bd. of Educ. of the City of Chicago,* 797 F.3d 426 (7th Cir. 2015). That case addressed claims under Sections 1981 and 1983 (42 U.S.C. §§ 1981, 1983).

See *CTU,* 797 F.3d at 441. Thus, the Complaint pleads discrimination claims that arise under the federal civil rights laws (even though the Complaint does not use the statutory cites for the federal statutes).

        c.       **The ADA.** In his Complaint *(Exh. A, p. A15)*, Plaintiff pled a discrimination claim pursuant to *Toyota Motor Mfg. of Ky. v. Williams,* 534 U.S. 184 (2002), which addressed legal principles for claims under The Americans with Disabilities Act (42 U.S.C. § 12012). See *Toyota,* 534 U.S. at 193-203. Thus, the Complaint pleads discrimination claims that arise under The Americans with Disabilities Act (even though the Complaint never uses the statutory cite for that federal statute).

2.       Because of Plaintiff's allegations in his Complaint -- discussed in ¶ *1,* above -- federal question jurisdiction exists under 28 U.S.C. § 1331. For the reasons discussed in ¶ *1,* above, the Complaint pled discrimination involving three federal statutes: Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq*); Section 1983 (42 USC § 1983); and The Americans With Disabilities Act (42 U.S.C. § 12102, *et seq).*

3.       The Complaint also refers to claims under Illinois law -- see *Exh. A, pp. A2, A4-A11* -- involving theories of libel and breach of contract. But because federal question jurisdiction otherwise exists here, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims.

4.       Kerrin Queszada is the only defendant named in the Complaint.

WHEREFORE, Defendant removes this action from the Circuit Court of Cook

County, Illinois to the United States District Court for the Northern District of Illinois.

Dated: July 22, 2024      Respectfully submitted,

JENNIFER REGER

Ruchi Verma, General Counsel

By:    /s/ *Thomas A. Doyle*

Thomas A. Doyle, Assistant Deputy General Counsel (tadoyle2@cps.edu)
Board of Education of the City of Chicago, Law Department
One North Dearborn, Suite 900
Chicago, Illinois 60602
(773) 553-1700

## CERTIFICATE OF SERVICE

I, Thomas A. Doyle, certify that, on July 22, 2024, I caused the foregoing document to be filed and served using the CM/ECF system. On July 22nd, I also emailed this document to khweih2828@gmail.com.

/s/ *Thomas A. Doyle*